Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8167 | **DATE** | 1/30/2003 |
| **CASE TITLE** | Flexicorps, Inc. vs. Charles Beck | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Beck's motion to vacate is granted. (9-1) The granting of Beck's motion is conditioned upon his payment of FlexiCorps' reasonable attorneys' fees and other expenses ascribable to its pursuit and obtaining of the default judgment. Finally Beck is ordered to answer the Complaint on or before February 14, 2003. This action is set for a status hearing at 9 a.m. February 28, 2003, before which the parties are ordered to comply with this Court's initial November 21, 2002 scheduling order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| ✓ | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | **JAN 3 1 2003** | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 13 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| SN | courtroom deputy's initials | 03 JAN 30 PM 4:12 U.S. DISTRICT COURT | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLEXICORPS, INC.,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         ) No. 02 C 8167   **DOCKETED**
                                 )
CHARLES BECK,                    )                 JAN 3 1 2003
                                 )
            Defendant.           )

MEMORANDUM OPINION AND ORDER

On December 23, 2002 this Court entered a judgment for $659,344 plus $4,040.42 in attorneys' fees and expenses in favor of FlexiCorps, Inc. ("FlexiCorps") against defaulted defendant Charles Beck ("Beck"). In so doing it required FlexiCorps' Chief Executive Jeff Kubas to establish its damages sustained by reason of the assertedly wrongful termination of its business relationship with Trend Technologies, Inc. ("Trend")--and to that end, to differentiate between (1) the business expenses that FlexiCorps would have sustained whether or not it had retained the Trend business and (2) the additional business expenses that FlexiCorps would have incurred in conjunction with its anticipated continuation of that business.

Although Beck had been served with process on November 20, so that his appearance and answer were required to have been filed by December 10, he had failed to do so before December 23--hence the default. Then on December 30 Beck, acting through attorney Stephen Mikus ("Mikus"), filed a motion to

vacate the default judgment, setting a January 6, 2003 presentment date for that motion. This Court established a schedule for further submissions by the parties in conjunction with the motion, and they have put forth their best positions on that score.

Although Beck's motion to vacate was tendered within the time frame that would have permitted its filing under Fed. R. Civ. P. ("Rule") 59(e), Mikus has invoked Rule 60(b) instead, and this Court therefore treats with the matter under that aegis. That requires the motion to pass muster under the "excusable neglect" rubric of Rule 60(b)(1), a subject to which this opinion now turns.

Attorney Mikus had earlier been involved as Trend's counsel in FlexiCorps' initial lawsuit against it and other defendants (Case No. 01 C 1754, assigned to this Court's colleague Honorable Matthew Kennelly). After Trend lost its motion for summary judgment in that action, so that a trial of that lawsuit was anticipated, Trend filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware (Case No. 02-13283). FlexiCorps then instituted this action against Beck, who had been Trend's Plant Manager and was assertedly the active decisionmaker in the cancellation of the relationship between FlexiCorps and Trend about which FlexiCorps now complains.

According to Beck's motion, as soon as he was served with

2

process on November 20, he spoke with attorney Mikus about handling his representation in this case. Mikus responded that he would represent Beck if he could, but he wanted to make sure that no conflict of interest was involved as between his prior representation of Trend and any current representation of Beck. In addition, Mikus wished to check into the availability of insurance coverage.

What Mikus then did was to leave a voicemail message for FlexiCorps' counsel that he was looking into the possibility of representing Beck, a message that FlexiCorps' counsel responded to by leaving an acknowledgment of its receipt on Mikus' voicemail. But what Mikus did <u>not</u> do after he had later satisfied himself that he could in fact represent Beck was to file an appearance, let alone an answer, in this lawsuit. Instead Mikus simply looked at the docket, learned that this Court had earlier set an initial status hearing date of December 30 and decided that he would show up at that time (according to Mikus, he was away from his office between December 19 and December 30).

Thus FlexiCorps' counsel was entirely within his rights in proceeding to obtain the default judgment as he did and when he did. Beck had not yet appeared, and no request for an extension had then been communicated to FlexiCorps' counsel. As for this Court's earlier scheduling of a December 30 initial status date,

3

that is of no significance whatever--this Court regularly sets such initial status dates 49 days after a complaint is filed, being fully aware that the set date has no bearing on the due date of a responsive pleading.[1]

All of this bespeaks lawyer negligence on Mikus' part, thus returning this opinion's focus to the concept of "excusable neglect" in Rule 60(b)(1), a subject on which it must be said that courts have given mixed signals. But speaking in the related context of Bankruptcy Rule 9006(b)(1), which contains identical "excusable neglect" language in addressing permission for the late filing of a proof of claim, the Supreme Court has said in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.</u>, 507 U.S. 380, 394 (1993):

> Thus, at least for purposes of Rule 60(b) "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.

And on that score 11 Charles Wright, Arthur Miller and Mary Kay Kane, <u>Federal Practice and Procedure: Civil 2d</u> §2857, at 258 (2d ed. 1995) counsels:

---

[1] For example, when a plaintiff requests a waiver of service rather than actually serving a defendant, the status date obviously arrives before any responsive pleading is due (and most frequently before one has been filed). Often only plaintiff's lawyer shows up on the status date in that situation. Conversely, when there has been actual service, a defendant who ignores the duty to respond may (as here) be vulnerable to the entry of a default judgment before that initial status hearing date arrives.

4

> As long as the movant seeking timely relief has a
> meritorious defense, doubt should be resolved in favor
> of a motion to set aside the judgment.

In this instance, as already indicated, Judge Kennelly denied a summary judgment in Trend's favor because such a paper disposition was precluded by the existence of genuine issues of material fact. But in so doing Judge Kennelly identified a potential version of the facts that would appear equally applicable to Beck's defense in this case and, if it were to prevail, would satisfy the concept of an arguably meritorious defense.[2]

This Court therefore does resolve the doubts in favor of Beck's current motion, and it grants the relief of setting aside the default judgment. But because FlexiCorps' conduct in pursuing the matter to judgment was entirely reasonable and was occasioned by the already-described negligence on the defense side of the dispute, it would not be fair to burden FlexiCorps with having to swallow the expense of its legitimate effort. Hence the granting of Beck's motion to vacate is conditioned upon his payment of FlexiCorps' reasonable attorneys' fees and other expenses ascribable to its pursuit and obtaining of the default

---

[2] One of FlexiCorps' filings in response to Beck's current motion is its own motion to strike the affidavits and amended affidavits of Mikus and Beck. Though there is force in some of the objections advanced by FlexiCorps in that respect, in light of the conclusion reached here that motion to strike is denied as moot.

judgment, a subject on which the parties are directed to confer promptly in an effort to reach agreement on the quantification of that amount--or if that cannot be accomplished, to identify for this Court any areas of disagreement to enable this Court to resolve them.

Finally, Beck is ordered to answer the Complaint on or before February 14, 2003. This action is set for a status hearing at 9 a.m. February 28, 2003, before which the parties are ordered to comply with this Court's initial November 21, 2002 scheduling order.

                                                */s/ Milton I. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: January 30, 2003