Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8167 | **DATE** | 10/12/2004 |
| **CASE TITLE** | Flexicorps, Inc. vs. Charles Beck | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants defendant's motion for relief from judgment (43-1). The judgment entered on 7/20/04 is vacated. The Clerk is directed to reinstate the case.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 5/ |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLEXICORPS, INC., | ) | |
| Plaintiff, | ) ) ) ) | |
| vs. | ) | Case No. 02 C 8167 |
| CHARLES BECK, | ) ) ) | |
| Defendant. | ) ) | |

DOCKETED
OCT 1 3 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case is one of four related lawsuits arising from the decision of Trend Technologies to stop using Flexicorps, Inc. to provide temporary employees and switch to Remedy Intelligence Staffing. In early 2001, Flexicorps sued Trend, but the lawsuit was stayed in late 2002 when Trend filed for bankruptcy (the stay was later lifted). In November 2002, Flexicorps filed the present suit against Charles Beck, Trend's plant manager. In February 2003, two former temporary employees filed a class action against Beck. Finally, in January 2004, the same two employees, after obtaining an order from the bankruptcy court lifting the stay to the extent of an existing insurance policy, filed suit against Trend.

In June 2004, a settlement conference in the four cases was held before Magistrate Judge Michael Mason. Edward Jepson appeared on behalf of the defendants. Steven Mikus appeared on behalf of Beck. Several attorneys appeared on behalf of the plaintiffs. No settlement resulted.

Following the settlement conference, on July 2, 2004, Jepson executed and sent to Flexicorps' counsel an offer of judgment under the caption of the *Flexicorps v. Beck* case, which

stated:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant, Charles Beck offers to allow judgment to be taken against him by Plaintiff, Flexicorps, Inc. in this action in the amount of $150,000. This offer of judgment covers any attorneys' fees and costs incurred to date to which Flexicorps may be entitled.
>
> This offer of judgment is made for the purposes specified in Rule 68, and is not to be construed either as an admission that Charles Beck is liable in this action, or that Flexicorps, Inc. has suffered any damages. In keeping with Rule 68, this offer will remain open for 10 days after receipt of it by Flexicorps, Inc.'s attorneys and will be deemed rejected if not accepted in writing within that time.
>
> Respectfully submitted,
>
> CHARLES BECK
>
> By: /s/ _____
> One of his attorneys

On July 8, 2004, a status hearing in the class action case was held before Judge Paul Plunkett, to whom the case was then assigned. Jepson asked the class plaintiffs' counsel about the offer of judgment. Class counsel said the offer had left him unclear whether the defendants had intended to settle all the litigation by Flexicorps. Jepson replied that they did. Later that day, presumably after reviewing the July 2 offer, Jepson sent a second offer of judgment, this time bearing the captions of both the *Flexicorps v. Beck* and the *Flexicorps v. Trend* cases, again for $150,000, stating that the offer was made on behalf of all the defendants.

On July 16, 2004, Flexicorps' counsel served a notice of acceptance of the original offer of judgment that was limited to the *Flexicorps v. Beck* case. On July 20, 2004, Judge Milton Shadur, to whom the case was then assigned, entered judgment in favor of Flexicorps and against

Beck for $150,000.

Beck has moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) on the grounds that the original offer of judgment was sent by mistake, inadvertence, or excusable neglect. In support of the motion, attorney Jepson says that his intent all along had been to make an offer on behalf of all the defendants to resolve both *Flexicorps* cases. He states that he assigned an associate unfamiliar with the status of the litigation to prepare an offer of judgment with respect to the claims by Flexicorps against the defendants. At the time, however, the *Flexicorps v. Trend* case was still stayed, Jepson's law firm had not yet filed an appearance in the case, and the firm did not have a file opened on the case. Thus, he says, the associate prepared the offer of judgment using the caption and signature lines that had been used for the *Flexicorps v. Beck* case, the only Flexicorps case in which the firm had filed an appearance. Jepson says he signed the offer without realizing that it was by its terms limited to *Flexicorps v. Beck*. Once he realized the mistake after his July 8 conversation with class counsel, Jepson sent a revised offer.

There is no question that the original offer of judgment, which was unambiguous and required no clarification, was effective despite defendants' attempt to supersede it with the second offer, and also no question that Flexicorps was entitled to accept the original offer. *See Webb v. James*, 147 F.3d 617, 620 (7th Cir. 1998); *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 764-65 (D.C. Cir. 1995). The question presented, however, is whether the Court should vacate the judgment.

Rule 60(b)(1) permits a court to vacate a judgment for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). This Rule applies to a judgment entered as a result

3

of a Rule 68 offer and acceptance just as it applies to any other judgment. *Webb,* 147 F.3d at 621. Attorney carelessness can constitute excusable neglect under the Rule. *See, e.g., Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir. 2004); *Robb v. Norfolk & Western Ry.,* 122 F.3d 354, 359-60 (7th Cir. 1997). *See generally, Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394 (1993) ("for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations ... attributable to negligence").

The Court has little hesitation in concluding that Jepson's actions reflected a lack of due care. The two lawsuits by Flexicorps essentially made the same claim against Trend, on the one hand, and Beck, on the other. There is no basis to believe that Jepson's clients wished to settle just one of these two cases. Jepson was negligent in failing to direct his associate properly and in failing to review carefully the document presented to him for signature.

The next question is whether Jepson's neglect is excusable. In determining whether conduct amounts to excusable neglect under Rule 60(b)(1), a court examines all the relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, and whether the movant acted in good faith. *Robb,* 122 F.3d at 359 (citing *Pioneer,* 507 U.S. at 395). In this case, defendants acted promptly – within six days of the original offer – to try to correct the error once Jepson realized what he had done, and after Judge Shadur entered judgment, defendants moved to vacate the judgment within a few days. Flexicorps does not contend that it took any action in the interim in reliance on the judgment such that it would be prejudiced if the judgment is vacated. Finally, the Court believes that defendants acted in good faith, though negligently, in making the original offer, and that they have acted in good faith in attempting to undo it. For

these reasons, the Court finds that excusable neglect exists within the meaning of Rule 60(b)(1).

## Conclusion

For the reasons stated above, the Court grants defendant's motion for relief from judgment [docket # 43-1]. The judgment entered on 7/20/04 is vacated. The Clerk is directed to reinstate the case.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   October 12, 2004